1

2

3

4

5

6

7

8

9

**JS-6**

10

11

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| U.S. SECURITIES AND EXCHANGE COMMISSION, | Case Nos. 8:21-cv-1586-CAS-PDx and 2:22-cv-05991-CAS-PDx |
|---|---|
| Plaintiff, | **JUDGMENT AS TO NICOLAS ARKELLS** |
| vs. | |
| C3 INTERNATIONAL, INC., STEELE CLARKE SMITH III, THERESA SMITH, and NICOLAS ARKELLS | |
| Defendants. | |

The Securities and Exchange Commission having filed a Complaint and Defendant Nicolas Arkells having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraphs VI and VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of

1   any prospectus or otherwise;

2   (b)   Unless a registration statement is in effect as to a security, carrying or

3   causing to be carried through the mails or in interstate commerce, by any

4   means or instruments of transportation, any such security for the purpose of

5   sale or for delivery after sale; or

6   (c)   Making use of any means or instruments of transportation or communication

7   in interstate commerce or of the mails to offer to sell or offer to buy through

8   the use or medium of any prospectus or otherwise any security, unless a

9   registration statement has been filed with the Commission as to such

10   security, or while the registration statement is the subject of a refusal order

11   or stop order or (prior to the effective date of the registration statement) any

12   public proceeding or examination under Section 8 of the Securities Act [15

13   U.S.C. § 77h].

14   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

15   Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the

16   following who receive actual notice of this Judgment by personal service or otherwise:

17   (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other

18   persons in active concert or participation with Defendant or with anyone described in (a).

19

20   IV.

21   IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

22   Defendant is permanently restrained and enjoined from violating Section 15(a) of the

23   Exchange Act [15 U.S.C. § 78o(a)] by, while engaging in business as a broker or dealer,

24   making use of the mails or any instrumentality of interstate commerce to effect any

25   transaction in, or to induce the purchase or sale of, any security (other than an exempted

26   security or commercial paper, bankers' acceptances, or commercial bills) unless

27   4

28

registered as a broker dealer in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)] or associated with a broker or dealer that is registered with the Commission in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Sections 21(d)(1) and 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(1) and (5)], and Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Defendant is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, soliciting any person or entity to purchase or sell any security; provided, however, that such injunction shall not prevent him from purchasing or selling securities for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VI.

Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement

1   and/or civil penalty.  If disgorgement is ordered, Defendant shall pay prejudgment

2   interest thereon, calculated from January 7, 2019, based on the rate of interest used by the

3   Internal Revenue Service for the underpayment of federal income tax as set forth in 26

4   U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement

5   and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be

6   precluded from arguing that he did not violate the federal securities laws as alleged in the

7   Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment;

8   (c) solely for the purposes of such motion, the allegations of the Complaint shall be

9   accepted as and deemed true by the Court; and (d) the Court may determine the issues

10  raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition

11  or investigative testimony, and documentary evidence, without regard to the standards for

12  summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In

13  connection with the Commission's motion for disgorgement and/or civil penalties, the

14  parties may take discovery, including discovery from appropriate non-parties.

15                                          VII.

16       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

17  incorporated herein with the same force and effect as if fully set forth herein, and that

18  Defendant shall comply with all of the undertakings and agreements set forth therein.

19                                          VIII.

20       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for

21  purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11

22  U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and

23  further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts

24  due by Defendant under this Judgment or any other judgment, order, consent order,

25  decree or settlement agreement entered in connection with this proceeding, is a debt for

26  the violation by Defendant of the federal securities laws or any regulation or order issued

27                                          6

28

1   under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C.

2   §523(a)(19).

3                             IX.

4       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall

5   retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

6                             X.

7       There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of

8   Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further

9   notice.

10

11   Dated:  MAY 7, 2024

12                             _____

                                  UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                     7

28